HARTZ, Circuit Judge,
dissenting.
I respectfully dissent. My quarrel is not with the majority opinion’s expression of the absurdity doctrine, although there are compelling reasons to limit its scope. See John F. Manning, The Absurdity Doctrine, 116 Harv. L.Rev. 2387 (2003). Nor do I dispute that there are differences between prisoner suits alleging unlawful conditions of confinement and prisoner suits alleging preconfinement misconduct, and that Congress could properly have decided that 42 U.S.C. § 1997e(d) should address only the former. What I cannot agree with, however, is the majority’s view that it would be absurd to think Congress wished to apply § 1997e(d) to suits alleging preconfinement misconduct.
We have said that an interpretation of a statute is absurd if it leads to “results ‘so gross as to shock the general moral or common sense,’ ” United States v. Newsome, 898 F.2d 119, 121 n. 3 (10th Cir.1990) (quoting Crooks v. Harrelson, 282 U.S. 55, 60, 51 S.Ct. 49, 75 L.Ed. 156 (1930)). Applying § 1997e(d) here does not come close to meeting that standard.
It is worth remembering that 42 U.S.C. § 1988, which provides for attorney-fee awards in civil-rights litigation, is a departure from the American Rule, under which the losing party is not required to reimburse the prevailing party’s attorney fees. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep’t of Health & Human Res., 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Concerned that the prospect of attorney-fee awards was encouraging the high volume of frivolous prisoner litigation burdening the courts and defendants, Congress reduced the incentive, restricting recovery of attorney fees to no more than 150% of the damages awarded, thereby encouraging only suits likely to recover substantial damages. According to the majority opinion it would be absurd to reduce the incentives for prisoners to file suits alleging preconfinement civil-rights violations. But it seems to me eminently reasonable.
The likely reason why prisoners file so many groundless suits is that they have so much time, time to file suits alleging pre-confinement misconduct as well as suits concerning prison conditions. This explains why § 1997e(d) looks to the status of the plaintiff when suit is filed (is the plaintiff a prisoner?) not the nature of the civil-rights claim. Not only is the provision inapplicable to suits filed before incarceration that allege preconfinement misconduct, but it also is inapplicable to suits filed after release that allege unlawful prison conditions. If it makes sense to try to reduce the volume of frivolous prisoner litigation regarding prison conditions by restricting attorney-fee awards, it also makes sense to use the same means to try to reduce the volume of frivolous prisoner litigation alleging preconfinement misconduct.
*1056 The majority opinion’s reliance on congressional floor debate is unpersuasive. The perils of relying on that source for interpreting statutory language are well-known. See, e.g., Barnhart v. Sigmon Coal Co., 534 U.S. 438, 457 n. 15, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002). But even when relied upon, floor debate has been used only to indicate what Congress meant by certain language. I do not see how floor debate could show that a particular interpretation of statutory language would be absurd; it would, at most, show that the interpretation was not the intended one. The absurdity doctrine, however, requires more than a showing that the statutory language does not mean what Congress intended; it requires a showing that it would have been absurd for Congress to have intended what the statute says.
Finally, I should note the irrelevance of the merits of Mr. Robbins’s claim in this case. The district court found a constitutional violation, so this case does not involve “frivolous prisoner litigation.” Op. at 1054. But to say that application of § 1997e(d) to a meritorious claim would be absurd is to prove too much. The limitation on fees in § 1997e(d) never applies to a frivolous claim; it applies only when the prisoner is a prevailing party. If it is absurd to apply § 1997e(d) to a claim on which the prisoner prevails, then the section must be struck as absurd in its entirety.
I would reverse the judgment below and remand with instructions to award an attorney fee of $1.50. I can certainly sympathize with an attorney appointed by the court who is not compensated for the services rendered. But this could occur even under the majority’s rule, as when the prisoner loses entirely or the appointment is for a prison-conditions lawsuit. The remedy, however, would be to have the attorney paid with court funds, not to impose an obligation on the defendant contrary to an unambiguous, nonabsurd statute.