**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Willie Taw NEWSOME,**
**Defendant–Appellant.**

**No. 89–6029.**

United States Court of Appeals,
Tenth Circuit.

March 12, 1990.
Rehearing Denied May 21, 1990.

Susan M. Otto, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

Robert E. Mydans, Interim U.S. Atty. (Teresa Black, Asst. U.S. Atty. with him on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Before MCKAY, Circuit Judge, SETH, Senior Circuit Judge, and CONWAY,* District Judge.

CONWAY, District Judge.

Defendant-appellant Willie Taw Newsome entered a plea of guilty to possession of approximately 299.3 grams of marijuana with intent to distribute, Count Two of a two-count indictment, in violation of 21 U.S.C. § 841(a)(1). He now appeals the sentence he received pursuant to the Career Offender provisions of the United States Sentencing Commission Guidelines. He argues that the district court[1] erroneously classified him as a career offender and that his sentence constitutes cruel and unusual punishment. We affirm.

## I.

On December 19, 1987, Newsome was serving a ten-year sentence for kidnapping at the Federal Correctional Institution in El Reno, Oklahoma. On that date, a guard observed him descending into a manhole. Upon investigating, the guard apprehended Newsome in the act of recovering condoms filled with marijuana from a wire-mesh trap in a sewer line. Female visitors apparently brought the marijuana into the prison on prearranged dates from September to December 1987 and flushed the drugs down a toilet in a restroom in the visitors' reception area. The marijuana-filled condoms then were recovered from the trap. Newsome's previous experience as a plumber and his work on various prison plumbing assignments enabled him to gain access to the prison sewer system. He confessed his involvement in the smuggling scheme, asserting that his role was only to retrieve the marijuana, for which he was to receive a portion of the contraband for his own use. Other prisoners would then distribute the bulk of the drugs among the prison population.

Newsome entered his guilty plea on December 2, 1988. At the sentencing hearing on January 20, 1989, he challenged the presentence report to the extent it concluded that the Career Offender provisions of the Guidelines applied in his case. The district court held those provisions applicable and imposed a sentence of fifty-one months, to be served consecutively to the term he was then completing and to be followed by three years of supervised release. Newsome also appeals his sentence on grounds that it constitutes cruel and unusual punishment, in violation of the Eighth Amendment.

## II.

■ We first address Appellant's contention that the district court erroneously classified him as a career offender, thereby increasing his Guideline sentence range from six to twelve months to fifty-one to sixty-three months. This presents a question of law and is subject to our de novo review. *United States ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1505 (10th Cir. 1988), cert. denied, —— U.S. ——, 109 S.Ct. 528, 102 L.Ed.2d 560 (1988); *Murphy v. Turner*, 426 F.2d 422, 423 (10th Cir.1970).

■ In delineating the duties of the United States Sentencing Commission, Congress ordered that:

The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and—

(1) has been convicted of a felony that is—

(A) a crime of violence; or

(B) an offense [involving controlled substances]; and

(2) has previously been convicted of two or more prior felonies, each of which is—

(A) a crime of violence; or

(B) an offense [involving controlled substances].

28 U.S.C. § 994(h) (Supp. IV 1986) (footnote omitted). The Commission implemented this legislative mandate through the Career

---

* The Honorable John E. Conway, United States District Judge for the District of New Mexico, sitting by designation.

1. The Honorable Ralph G. Thompson, Chief Judge, United States District Court for the Western District of Oklahoma, presiding.

Offender provisions of the Guidelines, which provide in relevant part that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

United States Sentencing Commission, *Guidelines Manual,* § 4B1.1 (Nov. 1, 1989).

Newsome argues that both the plain language of the statute and its underlying legislative history[2] establish that career criminals are of only two kinds, either recidivist violent offenders or recidivist drug offenders. He does not dispute that he was at least eighteen years old at the time of the instant offense. Nor does he challenge the finding in his Presentence Report that prior to this felony conviction for a controlled substance offense, his first such conviction, he had been convicted of at least two previous felonies that qualify as crimes of violence. Newsome does contend, however, that as he is not a repeat violent offender or a repeat drug offender, he is not a career offender. We do not agree.

Our reading of the plain language of the statute and its corresponding guideline does not produce the ambiguity propounded by Newsome. The language of both lead to the same result—they are applicable to the circumstances of his case. He 1) is eighteen years old or older; 2) has been convicted of a felony that is a crime of violence or involves a controlled substance; and 3) has previously been convicted of two or more prior felonies, each of which is a) a crime of violence or b) an offense involving controlled substances.

There is no language whatsoever in the statute or the guideline that requires the present felony to be of the same nature, a crime of violence or a controlled substance offense, as the previous felony convictions. The requirement is that the felonies, present and prior, be crimes of violence *or* controlled substance offenses, in any combination. *United States v. Jones,* 898 F.2d 1461, 1464 (10th Cir. Mar. 12, 1990). We decline to enmesh ourselves in an analysis of legislative history, as the statute is unequivocally clear on its face. *Lawrence,* 848 F.2d at 1509 (declining to narrow the applicability of a statute as "the language of the statute is clear"); *United States v. O'Brien,* 686 F.2d 850, 852 (10th Cir.1982) ("[E]xcept in rare circumstances,[3] a statute which is clear and unambiguous on its face must be given effect according to its plain meaning without reference to legislative history."); *Jones v. Intermountain Power Project,* 794 F.2d 546, 552 (10th Cir.1986) ("If a statute is clear on its face, there is no necessity to look to legislative history."); *United States v. Western P.R.R.,* 385 F.2d 161, 163 (10th Cir.1967) ("An unambiguous statute must be given effect according to its plain and obvious meaning."), cert. denied, *Denver & R.G.W.R.R. v. United States,* 391 U.S. 919, 88 S.Ct. 1805, 20 L.Ed.2d 656 (1968).

### III.

■ Having found that Newsome was properly sentenced as a career offender, we turn now to his contention that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment prohibits

---

**2.** Appellant has provided this Court with one reference to the legislative history of 28 U.S.C. § 994(h). S.Rep. No. 225, 98th Cong., 2d Sess. 175, *reprinted in* 1984 U.S.Code Cong. & Ad. News 3182, 3358.

**3.** Such circumstances require that the plain meaning of the statute lead to absurd results "so gross as to shock the general moral or common sense[; a]nd there must be something to make

plain the intent of Congress that the letter of the statute is not to prevail." *Crooks v. Harrelson,* 282 U.S. 55, 60, 51 S.Ct. 49, 50, 75 L.Ed. 156 (1930) (citation omitted). Neither the results obtained under 28 U.S.C. § 994(h), sentencing career offenders "to a term at or near the maximum term authorized," nor Newsome's sentence of fifty-one months are absurd. Nor do they shock the general moral or common sense.

barbaric punishment and sentences disproportionate to the crime committed. *Solem v. Helm,* 463 U.S. 277, 284, 103 S.Ct. 3001, 3006, 77 L.Ed.2d 637 (1983); *United States v. Gourley,* 835 F.2d 249, 252 (10th Cir. 1987), cert. denied, 486 U.S. 1010, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988). Newsome claims that the Career Offender provisions as applied to the facts of his case resulted in disproportionately severe punishment.

Within the strictures of the Eighth Amendment, determination of proper criminal penalties is a matter for legislative bodies. *Gourley,* 835 F.2d at 252–53. Thus, a sentence within the prescribed statutory limits generally will not be found to be cruel and unusual. *Id.* at 253.

Newsome was sentenced to fifty-one months for possessing 299.3 grams of marijuana with intent to distribute while incarcerated in a federal prison. His criminal history includes five convictions for burglary, one conviction for felony theft, and a conviction for kidnapping, which he was serving at the time of the instant offense. Four additional convictions were not tabulated in the criminal history portion of his Presentence Report. Furthermore, he had been found in violation of parole on two separate occasions and was the subject of an outstanding parole violator's warrant and a state grand jury indictment based on property crime charges at the time of his sentencing in this case. Finally, the kidnapping sentence he was serving at El Reno involved abduction, rape, and transporting of the victim across state lines.

The statutory maximum sentence for Newsome's violation of 21 U.S.C. § 841(a)(1) is five years. 21 U.S.C. § 841(b)(1)(D). We do not consider his sentence under the Career Offenders provisions of the Sentencing Guidelines as disproportionately severe when compared to the statutory maximum, the concerns of Congress and society about drugs and career offenders, the circumstances of the crime, and Newsome's criminal history. Furthermore, none of the cases discussed by Newsome, whether finding the sentence to be unconstitutional or constitutional, provides support for his position: *Solem,*

463 U.S. 277, 103 S.Ct. 3001 (life imprisonment without possibility of parole as recidivist for $100 bad check following six prior convictions for non-violent property crimes held unconstitutional); *Hutto v. Davis,* 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (per curiam) (twenty-year sentence for possession of nine ounces of marijuana with intent to distribute held constitutional); *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (life sentence as recidivist on conviction for third felony for obtaining $120.75 by false pretenses held constitutional); *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) (per curiam) (death penalty held unconstitutional, but only for the cases considered); *Trop v. Dulles,* 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958) (loss of citizenship for wartime desertion lasting one day held unconstitutional); and *Weems v. United States,* 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910) (sentence under Philippine law to *Cadena Temporal*—15 years at "hard and painful labor," chained from ankle to wrists; permanent loss of political rights; and police surveillance for life for falsification of public documents in the amount of 716 pesos held unconstitutional).

AFFIRMED.