**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Luis PELAYO–MUNOZ,
Defendant–Appellant.**

**No. 89–2194.**

United States Court of Appeals,
Tenth Circuit.

June 15, 1990.

Mario A. Esparza, Las Cruces, N.M., for defendant-appellant.

Mary Higgins, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., and Robert J. Gorence, Asst. U.S. Atty., on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, LOGAN and ANDERSON, Circuit Judges.

LOGAN, Circuit Judge.

Defendant Luis Pelayo–Munoz appeals from a sentence imposed following his plea of guilty to one count of possession with intent to distribute more than fifty kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He asserts that the district court erred in failing to reduce his base offense level under the Sentencing Guidelines because of his status as a minor participant in the criminal activi-

ty and because of his acceptance of responsibility for the offense. We affirm.

## I

Defendant was stopped by United States Border Patrol Agents on March 1, 1989, while traveling northbound on Interstate 25 near Hatch, New Mexico. A search of defendant's van revealed what was later determined to be 128 pounds of marijuana. After finding the marijuana, the agents realized that a vehicle that they had stopped just before stopping defendant might have been a "scout" for him. They radioed ahead to other agents, and the suspected scout vehicle was stopped again. A search of the two individuals inside the vehicle revealed defendant's wallet on one of their persons. For unrevealed reasons, it was determined that no action should be taken against these individuals, and they were released.

Defendant was indicted on one count of possession with intent to distribute more than fifty kilograms of marijuana. At the arraignment he entered a plea of not guilty. Later, however, he appeared before the court and entered a plea of guilty pursuant to a Memorandum of Understanding Regarding Guilty Plea. In pertinent part, this Memorandum states:

"2. The United States and the defendant stipulate as follows pursuant to the Sentencing Guidelines:

(a) that pursuant to Section 3E1.1 of the Sentencing Guidelines, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct.

(b) that pursuant to Section 3B1.2(b), the defendant was a minor participant in the criminal activity alleged in the indictment herein.

(c) that based upon the foregoing stipulations, the defendant is entitled to a reduction of four (4) offense levels.

3. The defendant and the United States understand that this stipulation is not binding on the Court and that whether or not the Court accepts this stipulation is solely in the discretion of the

Court after it has reviewed the pre-sentence report."

I R. tab 13 ¶¶ 2–3.

The court did not accept the stipulation. The pre-sentence report indicated a criminal history category of I and a base offense level, based on the amount of marijuana involved, of 20. Thus, under the Guidelines the sentencing range was 33 to 41 months. The court noted that the amount of marijuana "was at the upper end of the drug table establishing the offense level," and accordingly entered a sentence of 41 months. II R. at 11.

## II

■ Defendant argues that he was entitled to a two point offense level decrease because the facts showed that he acted as a mere courier under the control and supervision of the two individuals in the "scout vehicle" who were detained and subsequently released by the Border Patrol. We disagree.

We have held that "the quantum of proof required for factual determinations under the Sentencing Guidelines is a preponderance of the evidence and the burden of proof generally is allocated ... to the defendant for sentence decreases." *United States v. Rutter*, 897 F.2d 1558, 1560 (10th Cir.1990). Defendant did not offer any evidence to the district court except his own assertion that he was merely the underling of the "scouts." The presence of the scout vehicle does not *a fortiori* render his participation minor. Further, defendant "concedes that the sentencing court is [in] no way bound by the stipulations agreed to by the government and defense counsel." Defendant–Appellant's Corrected Brief-in-Chief at 8. Defendant's assertion that "a courier whose sole function is to drive the marijuana from point A to point B, can be a minor participant," *id.*, is true but unavailing. The fact that a defendant is a courier does not necessarily mean that he is a minor participant under section 3B1.2 of the Guidelines. *See, e.g., United States v. Gordon*, 895 F.2d 932, 935 (4th Cir.1990); *United States v. Williams*, 890 F.2d 102, 104 (8th Cir.1989); *United States v. Buen-*

*rostro,* 868 F.2d 135, 138 (5th Cir.1989). We agree with *Buenrostro* that

> "§ 3B1.2 turns upon culpability, not courier status. The background note to the section states that the section 'provides a range of adjustments for a defendant who plays a part in committing the offense that makes him *substantially less culpable* than the average participant.' [Defendant] may be a courier without being substantially less culpable than the average participant. Culpability is a determination requiring sensitivity to a variety of factors."

*Id.* (emphasis in original).

Defendant points out that the sole reason given by the district court for refusing to treat him as a minor participant was that there was no indication that any one else was involved in the crime. *See* II R. at 8–9. This conclusion was incorrect, defendant argues, because the individuals in the scout vehicle were obviously associated with him. The court's determination that he was not a minor participant, however, is a finding of fact reviewed under the clearly erroneous standard. *Cf. United States v. Mays,* 902 F.2d 1501, 1503 (10th Cir.1990). We reverse such findings only if they are without factual support in the record or if, after reviewing all the evidence, we are left with the definite and firm conviction that the finding was mistaken. *United States v. Beaulieu,* 893 F.2d 1177, 1182 (10th Cir. 1990). We will not assume that the district court, in this brief sentencing hearing, rested its decision entirely upon the basis that no one else was charged as a participant in the smuggling operation. Reviewing the record, it is clear that defendant did not establish by a preponderance of the evidence that he was a minor participant. The downward adjustment is to be used "infrequently," United States Sentencing Commission, *Guidelines Manual,* § 3B1.2 comment. (n.2) at 3.6 (Nov.1989) (hereinafter *U.S.S.G.*). Defendant entered the country illegally, transporting a large amount of drugs. Accordingly, the district court's refusal to give a downward adjustment was not error.

## III

At the sentencing hearing defendant expressed sorrow for what he had done and promised that it would not happen again. II R. 10–11. He claims that this acceptance of responsibility, coupled with his guilty plea, entitled him to a base offense level reduction. In his interview with the probation officer who prepared his presentence report, however, defendant claimed that he had not been aware that there was marijuana in his van, and that he had pleaded guilty upon the advice of his lawyer, and because he believed there was no possibility of his winning the case. The presentence report therefore concluded that "pursuant to 3E1.1, defendant does not qualify for a two offense level reduction." III R. 3–4 ¶ 10.

The court found that defendant's professed acceptance of responsibility was untimely, and thus refused to use it as the basis of an adjustment. *See U.S.S.G.,* § 3E1.1 comment. (n.1) at 3.23 (including "the timeliness of the defendant's conduct in manifesting acceptance of responsibility" in a non-exhaustive list of factors for the sentencing court to consider in determining whether defendant has accepted responsibility); *Gordon,* 895 F.2d at 937. The sentencing court's determination with respect to a defendant's acceptance of responsibility "is entitled to great deference on review and should not be disturbed unless it is without foundation." *United States v. Spraggins,* 868 F.2d 1541, 1543 (11th Cir.1989) (quoting what is now *U.S. S.G.* § 3E1.1 comment. (n.5) at 3.24). The court's conclusion in this case was manifestly not without foundation.

AFFIRMED.