**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gilberto Pablo ALVAREZ,**
**Defendant–Appellant.**

No. 89–6221.

United States Court of Appeals,
Tenth Circuit.

Sept. 13, 1990.

Susan M. Otto, Asst. Federal Public Defender, Oklahoma City, Okl., on the brief for defendant-appellant.

Timothy D. Leonard, U.S. Atty., and Teresa Black, Asst. U.S. Atty., Oklahoma City, Okl., on the brief for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, MOORE, Circuit Judge, and BROWN,* District Judge.

WESLEY E. BROWN, District Judge.

Appellant Alvarez alleges error in the district court's determination of his sentence under the Sentencing Guidelines. The case is submitted on the briefs pursuant to Fed.R.App.P. 34(f). We affirm.

Appellant was charged by superseding indictment with three counts arising out of an attempted escape from the Federal Correctional Institution at El Reno, Oklahoma. Mr. Alvarez entered a plea of guilty to Count Two of the superseding indictment, which charged him with attempted escape in violation of 18 U.S.C. § 751(a). Appellant was sentenced to a term of incarceration of 51 months, to run consecutively to his present term of incarceration, followed by a three-year term of supervised release. Appellant raises two issues on appeal.[1] First, he contends that the district court erroneously applied the career offender provision of the Sentencing Reform Act in determining his sentence. Second, he argues that the trial court erred by refusing to make a downward adjustment under the Sentencing Guidelines to reflect appellant's minor participation in the attempted escape.

■ Appellant first maintains that the district court erroneously classified him as a career offender. This argument is based on 28 U.S.C. § 994(h), under which Congress directed the U.S. Sentencing Commission to enact guidelines applicable to a category of defendants classified as career offenders. The statute mandated that this classification apply to a defendant who is eighteen years old or older and who:

(1) has been convicted of a felony that is—

(A) a crime of violence; or

(B) an offense [involving controlled substances]; and

(2) has been previously convicted of two or more prior felonies, each of which is—

(A) a crime of violence; or

(B) an offense [involving controlled substances].

28 U.S.C. § 994(h). *See also* U.S.S.G. § 4B1.1. Appellant argues that the career offender provision does not apply to him because his current felony conviction is a crime of violence[2] while his prior felony convictions involved controlled substances. Appellant argues that Congress intended that the provision apply to career violent offenders and to career drug offenders, but not to offenders whose current offense is of a different character than the offender's prior offenses. After the briefs were submitted in this case, a panel of this court decided *United States v. Newsome*, 898 F.2d 119 (10th Cir.1990), in which the court rejected the same argument now asserted by appellant. For the reasons expressed in the *Newsome* case, we reject appellant's argument that his sentence was contrary to 28 U.S.C. § 994(h). *See also United States v. Jones*, 898 F.2d 1461 (10th Cir.1990).

■ Appellant's second contention is that the district court erred by refusing to make a downward adjustment in his offense level to reflect appellant's minor participation in the attempted escape. *See* U.S.S.G. § 3B1.2. Appellant alleged that he was coerced into taking part in the escape attempt after its initiation by other inmates. He argued that he was less culpable than the other participants because he did not have prior knowledge of the escape attempt and did not take part in planning the escape. Appellant alleged that he played no part in the restraining and threatening of an institutional employee during the escape attempt. The presentence report, on the other hand, alleged that appellant was a willing participant in

---

* Honorable Wesley E. Brown, United States District Senior Judge for the District of Kansas, sitting by designation.

1. Appellant raised a third issue in his brief concerning the application of U.S.S.G. §§ 4A1.1(d) and (e) to his sentence. He concedes, however, that in view of this court's ruling in *United*

*States v. Goldbaum*, 879 F.2d 811 (10th Cir. 1989), there is no basis for finding error in the district court's application of those sections.

2. Appellant concedes that his conviction in the instant case involved a "crime of violence."

 

the escape attempt and that his actions did not warrant a downward adjustment. After holding an evidentiary hearing on the matter, the district court concluded that appellant was integrally involved in the escape and that a downward adjustment was not warranted.

The district court's determination that appellant was not a minor participant is a finding of fact reviewed under a clearly erroneous standard. *United States v. Pelayo–Munoz*, 905 F.2d 1429 (10th Cir.1990). We reverse such findings only if they are without factual support in the record or if, after reviewing all the evidence, we are left with the definite and firm conviction that the finding was erroneous. *Id.* (citing *United States v. Beaulieu*, 893 F.2d 1177, 1182 (10th Cir.1990)). Moreover, the burden of proof is on the defendant to show by a preponderance of the evidence that he is entitled to a downward adjustment. *United States v. Rutter*, 897 F.2d 1558, 1560 (10th Cir.1990).

Applying these standards to the facts at hand, we find that the district court was not clearly erroneous. An institutional employee who witnessed the escape attempt testified that he saw no indication that appellant was being coerced into participating in the escape. (Tr. at 22). The witness testified that he had been grabbed and restrained by three inmates, one of whom he thought was the appellant Alvarez. (Tr. at 15–16). The testimony showed that appellant used a welding torch to cut two metal bars that blocked a tunnel leading to an unguarded area. (Tr. at 19–20). The removal of these bars allowed the inmates to reach the outer perimeter of the prison. Appellant was captured with three other inmates by the outer fence of the prison while one of them attempted to cut the barrier wire to the fence. Given this evidence of appellant's participation in the escape attempt, the district court's determination that appellant was integrally involved in the offense is not clearly erroneous. Appellant has not shown that he was less culpable than the other participants in the offense. Accordingly, we find no error in the district court's refusal to make a downward adjustment under U.S.S.G. § 3B1.2.

The conviction and sentence are AFFIRMED.