**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carmen Cesar RIOS–RAMIREZ,**
**Defendant–Appellant.**

**No. 89–2167.**

United States Court of Appeals,
Tenth Circuit.

April 2, 1991.

Submitted on the Briefs: *

William L. Lutz, U.S. Atty., and Mary L. Higgins, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

William D. Fry, Asst. Federal Public Defender, Las Cruces, N.M., for defendant-appellant.

---

* The parties to this appeal have indicated that oral argument is not desired. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Before BRORBY and McWILLIAMS, Circuit Judges, and SPARR,** District Judge.

McWILLIAMS, Circuit Judge.

Carmen Cesar Rios–Ramirez, the driver and sole occupant of a 1974 Ford Cougar, entered the United States from the Republic of Mexico at the Port of Entry at Columbus, New Mexico, on February 3, 1989, at approximately 4:30 p.m. Because Rios–Ramirez appeared "nervous," the Customs agents asked him to step out of the vehicle. A "sniffer dog" was placed near the vehicle and the dog "alerted" to the side panels of the vehicle. A subsequent search of the vehicle disclosed 22.68 kilograms of marijuana concealed in the door panels. Rios–Ramirez advised the agents that he did not know there was marijuana hidden in the door panels of the vehicle he was driving. In this connection, Rios–Ramirez stated that he had recently purchased the vehicle from one Raul Jose Contreras in Texas and that he was at the time of his arrest en route from Mexico to California to meet Contreras, where, according to counsel, Rios–Ramirez was going to obtain the title to the vehicle.

Based on the foregoing chronology, Rios–Ramirez was charged in Count one of a two-count indictment with importing less than fifty kilograms of marijuana into the United States from the Republic of Mexico in violation of 21 U.S.C. § 952(a), 21 U.S.C. § 960(a)(1) and (b)(4). In a second count Rios–Ramirez was charged with possession of less than fifty kilograms of marijuana with an intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(D).

The government and Rios–Ramirez later entered into a plea agreement whereby Rios–Ramirez agreed to plead guilty to Count one and the government agreed to dismiss Count two. In that same agreement the government and Rios–Ramirez agreed that under the provisions of the United States Sentencing Commission, *Guidelines Manual* (hereinafter referred to as "Sentencing Guidelines"), Rios–Ramirez was entitled to a two-level reduction in his base offense level for acceptance of personal responsibility for his criminal conduct and a further reduction of two levels because he was only a minor participant in the criminal conduct alleged in the indictment. A further provision in the agreement provided that the parties understood that the district court was not bound by their stipulations concerning acceptance of responsibility and minor participation.

Pursuant to the plea agreement, Rios–Ramirez pled guilty to Count one of the indictment. At sentencing, the government dismissed Count two. During the hearing at which Rios–Ramirez entered his plea of guilty, the district judge advised him that the court was not bound by the stipulations contained in the plea agreement and Rios–Ramirez stated that he understood such to be the case.

The presentence report fixed Rios–Ramirez' base offense level at 18 and his criminal history category at I, resulting in a guideline range of 27 to 33 months imprisonment. In so doing, the pre-sentence report recommended no reduction for acceptance of responsibility or minor participation.

At sentencing, defense counsel did not ask for any reduction for acceptance of responsibility. Indeed, it was Rios–Ramirez' contention throughout the proceedings that he did not know that there was marijuana hidden in the door panels of the vehicle he was driving at the time of his arrest. It was in this setting that defense counsel advised the district court that Rios–Ramirez' plea of guilty was being entered on the basis of *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).[1]

** Honorable Daniel B. Sparr, United States District Judge for the District of Colorado, sitting by designation.

1. In *Alford,* 400 U.S. at 37, 91 S.Ct. at 167, the Supreme Court stated that an accused may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, or even if his guilty plea contains a protestation of innocence where he intelligently concludes that his best interest requires a guilty plea and the record strongly evidences guilt.

However, defense counsel at sentencing did request that under Sentencing Guidelines § 3B1.2(b), Rios–Ramirez was entitled to have his base offense level reduced by two levels because he was only a minor participant in the drug importation. Such a reduction would have set Rios–Ramirez' base offense level at 16, resulting in a guideline range of only 21 to 27 months imprisonment.

Although the district court made no specific reference to counsel's request for a reduction in Rios–Ramirez' base offense level for his claimed minor participation in the drug importation, the district judge obviously rejected the request when he sentenced Rios–Ramirez to 33 months imprisonment, the maximum allowed by the Sentencing Guidelines for a defendant with a base offense level of 18 and a criminal history category of I.

On appeal, counsel presents one issue for review: "Whether the court committed error by failing to accord a two-level reduction to the base offense level as a result of appellant's minor participation in the offense." We find no error.

United States v. Pelayo–Munoz, 905 F.2d 1429 (10th Cir.1990) is almost a carbon copy of the instant case. There the defendant was charged in a one-count indictment with the possession with an intent to distribute more than fifty kilograms of marijuana. The defendant eventually pleaded guilty, and as a part of the plea agreement, the government and the defendant agreed that the defendant was entitled to a two-level reduction in his base offense level for acceptance of responsibility and another two-level reduction because he was only a minor participant in the criminal activity alleged in the indictment. Another provision in the plea agreement provided that these stipulations were not binding on the court. Later, the district court did not accept the stipulations in the plea agreement and, inter alia, refused to reduce the defendant's base offense level by two levels based on his claimed minor participation in the criminal activity.

The defendant in Pelayo–Munoz was stopped by United States Border Patrol Agents while traveling northward on Inter-

state 25 near Hatch, New Mexico. A search of his vehicle revealed 128 pounds of marijuana. The defendant's contention was that he was a "mere courier" and therefore entitled to a two-level reduction in his base offense level for being a minor participant in the criminal activity. As indicated, the district court refused to classify the defendant as a minor participant and on appeal we affirmed. In so doing, we held that "[t]he fact that a defendant is a courier does not necessarily mean that he is a minor participant under section 3B1.2 of the Guidelines" and that the defendant there had failed to prove by a preponderance of the evidence that he was only a minor participant. Pelayo–Munoz, 905 F.2d at 1430–31. To this same effect, see United States v. Maldonado–Campos, 920 F.2d 714, 717 (10th Cir.1990); United States v. Donaldson, 915 F.2d 612, 615 (10th Cir.1990); United States v. Calderon–Porras, 911 F.2d 421, 423–24 (10th Cir. 1990); and United States v. Arredondo–Santos, 911 F.2d 424, 426 (10th Cir.1990).

In the instant case, the record was not such as to require the district court to find that Rios–Ramirez was but a minor participant in the criminal activity alleged in the indictment. The inescapable fact is, of course, that Rios–Ramirez was the driver and sole occupant of a vehicle which was stopped at the border, and which, after a search, was found to contain a quantity of marijuana secreted in its door panels. Rios–Ramirez told the agents that he didn't know the marijuana was hidden in his vehicle, but, had he gone to trial, the question of whether he had guilty knowledge would have been an issue to be resolved by the jury notwithstanding his protestation that he did not know there was marijuana in his car. In like fashion, the district court was not bound to accept Rios–Ramirez' self-serving suggestion that the prior owner of the vehicle had probably placed the marijuana in the car. And even if he was a mere courier, we said in Arredondo–Santos, that "couriers are indispensable to any drug-dealing network." 911 F.2d at 426. See also Calderon–Porras, 911 F.2d at 423.

We reject the suggestion that the district court was somehow compelled to

hold that under Sentencing Guidelines § 3B1.2, Rios–Ramirez was "less culpable" than, for example, the party who, according to Rios–Ramirez, had recently sold him the vehicle. So far as the record is concerned, the "other party" in this case was a figment of Rios–Ramirez' imagination. That is to say, there is nothing in the record to corroborate Rios–Ramirez' story.[2]

Judgment affirmed.

**2.** In his reply brief counsel for the first time raises the issue of non-compliance with Sentencing Guidelines § 6A1.3. That guideline provides that a district court shall resolve sentencing factors in dispute, notify the parties of its tentative findings, and provide a reasonable opportunity for submission of oral or written objections before sentencing. From the record before us, it would appear that the district court did not comply with § 6A1.3. However, that guideline was not drawn to the attention of the district court. In such circumstance, we find a waiver. *Cf. United States v. Fortenbury,* 917 F.2d 477, 480 (10th Cir.1990) (where, in rejecting defendant's argument that he was denied an evidentiary hearing on disputed matters in the presentence report pursuant to § 6A1.3, we noted that defendant's counsel never requested such a hearing); and *United States v. Rutter,* 897 F.2d 1558, 1566 (10th Cir.1990) (stating that although defendant's failure to ask for an evidentiary hearing upon disputed facts, as allowed by § 6A1.3, is not dispositive on appeal, it is a factor which we consider because the defendant is in the best position to inform the district court of the value of an evidentiary hearing). In any event, Rios–Ramirez and his counsel had ample opportunity to comment on and object both orally and in writing to disputed factors in the presentence report before the imposition of the sentence, in compliance with the thrust of § 6A1.3. *See Fortenbury,* 917 F.2d at 480; and *Rutter,* 897 F.2d at 1566. Hence, any possible error in this regard was harmless.

In the context of asserting non-compliance with § 6A1.3, counsel also claims in his reply brief that the district court erred by failing to make specific findings of fact with respect to his argument that Rios–Ramirez was entitled to a reduction in his base offense level because he was a minor participant in the criminal activity. The record is clear that the district court rejected counsel's request for a reduction in Rios–Ramirez' base offense level for his claimed minor participant status when it imposed the highest sentence allowed by the Sentencing Guidelines for a defendant with a base offense level of 18 and a criminal history category of I. In our view, the district court did not err. *See United States v. Hand,* 913 F.2d 854, 857 (10th Cir.1990) (defendant's disagreement over the presentence report's legal conclusion that he was not entitled to a reduction in his base offense level for his claimed minor participation in the offense did not allege factual inaccuracies in the presentence report requiring specific findings by the sentencing court); *see also United States v. Hart,* 922 F.2d 613, 615–16 (10th Cir.1990).