931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlton Lee HUGHES, Defendant-Appellant.
 No. 90-2114.
 United States Court of Appeals, Tenth Circuit.
 April 17, 1991.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 Defendant Carlton Hughes was indicted for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Defendant moved for the issuance of a subpoena duces tecum to obtain evidence to impeach the government's key witness. This motion was denied. Defendant also moved to suppress the evidence seized from the automobile he had been driving. After considering the evidence presented at the suppression hearing, the district court concluded the officer's reason for stopping defendant was not pretextual and defendant had voluntarily consented to a search of his automobile and its contents.
 
 
 2
 Defendant was tried before a jury and found guilty. The district court refused to find defendant was a minimal or minor participant in the offense and sentenced him to 360 months' imprisonment and five years' probation following release from confinement. A mandatory special assessment of fifty dollars was also ordered. Defendant filed a timely notice of appeal and we have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 The district court correctly denied defendant's motion for a subpoena duces tecum. We review the denial of this motion for abuse of discretion. United States v. Nixon, 418 U.S. 683, 702 (1974). Federal Rule of Criminal Procedure 17(c) states that "the court on a motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive." The Supreme Court stated in Nixon that a subpoena duces tecum should be issued only if the moving party shows:
 
 
 4
 (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."
 
 
 5
 Id. at 699-700.
 
 
 6
 Defendant admits he moved for the subpoena duces tecum to obtain evidence tending to show Officer Sanchez had a propensity to make pretextual stops and to impeach the officer's credibility. We agree with the district court that this request for documentary evidence was merely a "fishing expedition." The court properly denied the request for the subpoena duces tecum because it was overbroad. Defendant did not request the court to conduct an in camera review of the materials to determine what information was relevant. Moreover, the government stated in response to defendant's motion that it would provide defendant with all exculpatory materials as required by Brady v. Maryland, 373 U.S. 83 (1963). Defendant was thus assured he would receive any relevant information within the scope of his request. See United States v. Muse, 708 F.2d 513, 516 (10th Cir.1983).
 
 
 7
 Defendant's motion to suppress the approximately seventy-five pounds of methamphetamine found in the trunk of his automobile was properly denied. In reviewing this ruling, we accept the district court's findings of fact unless they are clearly erroneous. United States v. Lopez, 777 F.2d 543, 548 (10th Cir.1985). First, the district court properly concluded the stop was not pretextual. Based on the evidence presented, the district court properly determined that a reasonable New Mexico State Police officer routinely would have stopped a vehicle for traveling twelve miles an hour over the speed limit. The record contains no evidence of an illicit motive for the stop in this case. United States v. Erwin, 875 F.2d 268, 272 (10th Cir.1989); United States v. Guzman, 864 F.2d 1512, 1515-18 (10th Cir.1988). Moreover, defendant admitted he was exceeding the speed limit when he signed the ticket issued by the officer.
 
 
 8
 Second, the court correctly found defendant consented to the search of his automobile. Defendant gave written consent to search the car and all containers therein. The district court's conclusion that this consent was voluntary in light of the totality of the circumstances is not clear error. See Schneckloth v. Bustamonte, 412 U.S. 218, 233-34 (1973); United States v. Corral, 899 F.2d 991, 994 (10th Cir.1990).
 
 
 9
 There was sufficient evidence to prove defendant knowingly possessed a controlled substance. In reviewing the sufficiency of the evidence on which the jury conviction rests, we evaluate the evidence in the light most favorable to the government. United States v. Levario, 877 F.2d 1483, 1485 (10th Cir.1989). All reasonable inferences and credibility choices are made in favor of the jury's conclusions. United States v. Massey, 687 F.2d 1348, 1354 (10th Cir.1982). Our review does not include an assessment of the credibility of witnesses; that task is reserved for the jury. Levario, 877 F.2d at 1485.
 
 
 10
 The evidence presented at trial established that defendant exercised exclusive dominion and control over the automobile in which the drugs were found. In addition, there was sufficient circumstantial evidence to permit the jury to conclude beyond a reasonable doubt that defendant knowingly possessed the drugs. See United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir.), cert. denied, 475 U.S. 1128 (1986). For example, the jury heard Officer Sanchez's testimony concerning the conversation he had with defendant immediately following the stop. During this conversation, defendant admitted the identity and weight of the substance found in the trunk of the automobile. He also offered to give the officer "$11,000 if you let me go."
 
 
 11
 There was also sufficient evidence for the jury to find defendant intended to distribute the drug. The value of the methamphetamine seized, $5,433,600, is sufficient to establish this intent. See Hooks, 780 F.2d at 1532. The conviction for violating of 21 U.S.C. Sec. 841(a)(1) was supported by sufficient evidence.
 
 
 12
 The district court did not err in refusing to find defendant was a minimal or minor participant in the offense and reduce defendant's offense level accordingly. The court's factual findings will be reversed only if they are clearly erroneous. United States v. Pelayo-Munoz, 905 F.2d 1429, 1431 (10th Cir.1990). The court specifically found there was no evidence beyond defendant's own testimony indicating others were involved in the scheme to distribute methamphetamine. Defendant refused to even provide the names of others involved in the drug trafficking. The trial court correctly concluded defendant failed to prove by a preponderance of the evidence that he was not a major participant in the scheme. See id. at 1430 (defendant cannot satisfy burden of proving he was a minimal or minor participant by relying solely on his own testimony). We AFFIRM.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3