940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred CAMACHO-TERRAZAS, Defendant-Appellant.
 No. 90-2151.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellant Alfred Camacho-Terrazas appeals from the sentence imposed after he pled guilty to possession with intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(D). With a base offense level of eighteen and a criminal history category of I, defendant was granted a two-level reduction for acceptance of responsibility and was sentenced to twenty-one months incarceration, the minimum applicable sentence. See U.S.S.G. Sec. 3E1.1(a) (role in the offense), ch. 5 (sentencing table) (Nov.1990).
 
 
 2
 All would be well, but the defendant and the government stipulated that he also was entitled to a two-level reduction for his status as a minor participant. I R. doc. 15 at 2. See also U.S.S.G. Sec. 3B1.2. Of course, the stipulation was nonbinding on the district court. See United States v. Rutter, 897 F.2d 1558, 1564-65 (10th Cir.), cert. denied, 111 S.Ct. 88 (1990). The district court declined to grant defendant the minor participant reduction because defendant owned and drove the modified drug courier vehicle and the odor of marijuana plainly was discernible. II R. 13.
 
 
 3
 We review the district court's legal conclusions concerning the Sentencing Guidelines de novo; factual findings are reviewed under the clearly erroneous standard. United States v. Gardner, No. 90-2244, slip op. at 7-8 (10th Cir. July 24, 1991); United States v. Caruth, 930 F.2d 811, 816 (10th Cir.1991) (duly deferential standard of review in sentencing matters). Defendant suggests that the district court erred in applying the Guidelines because he was a one-time courier in a single smuggling operation carrying a small amount of marijuana. See U.S.S.G. Sec. 3B1.2, comment., (n. 2).[1] We cannot agree; as a matter of law we have determined that "[t]he fact that a defendant is a courier does not necessarily mean that he is a minor participant under section 3B1.2 of the Guidelines." United States v. Pelayo-Munoz, 905 F.2d 1429, 1430 (10th Cir.1990). Application of Sec. 3B1.2 depends upon culpability, not merely courier status, and we have observed "that those who transport marijuana or other controlled substances often are not minimal or minor participants." United States v. Maldonado-Campos, 920 F.2d 714, 717 (10th Cir.1990) (emphasis supplied); United States v. McCann, Nos. 90-4109 & 90-4129, slip op. at 14 (10th Cir. July 26, 1991); Pelayo-Munoz, 905 F.2d at 1431 (relying on United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir.1989), cert. denied, 110 S.Ct. 957 (1990)). The district court did not misapply the Guidelines.
 
 
 4
 A downward adjustment under Sec. 3B1.2 "is heavily dependent on the facts." United States v. Arredondo-Santos, 911 F.2d 424, 426 (10th Cir.1990). Obviously, the district court viewed defendant as more culpable than a minor participant because of defendant's inherent involvement in furnishing the courier vehicle with the secret compartment in the gas tank. On almost identical facts, we have affirmed a district court's decision not to grant the minor participant downward adjustment. See United States v. Rios-Ramirez, 929 F.2d 563, 565 (10th Cir.1991) (defendant was sole occupant and driver of vehicle with less than fifty kilograms of marijuana secreted in door panels). See also United States v. Calderon-Porras, 911 F.2d 421, 423 (10th Cir.1990) (defendant was not only the driver, but he also furnished the vehicle; not a minimal participant). The district court was not required to accept defendant's obviously interested testimony concerning his lack of involvement any more than it was required to deem 22.36 kilograms a small quantity of marijuana. See Rios-Ramirez, 929 F.2d at 565. The culpability determination is a finding of fact and we cannot say that it is clearly erroneous. See United States v. Donaldson, 915 F.2d 612, 615 (10th Cir.1990).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for the purposes of establishing the doctrines of law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 That application note provides:
 It is intended that the downward adjustment for a minimal participant will be used infrequently. It would be appropriate, for example, for someone who played no other role in a very large drug smuggling operation than to offload part of a single marijuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs.
 U.S.S.G. Sec. 3B1.2, comment., (n. 2).