961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Martin VARELA-BUSTILLOS, Defendant-Appellee.
 No. 91-2217.
 United States Court of Appeals, Tenth Circuit.
 April 16, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Varela-Bustillos (Defendant) entered a guilty plea to importation of less than fifty kilograms of marijuana and appeals his sentence. The sole issue is whether it was error for the sentencing court to deny Defendant a downward adjustment to his offense level on the basis Defendant was a minor participant. We hold it was not error and affirm.
 
 
 3
 Defendant was a drug courier caught at the border attempting to smuggle approximately twenty pounds of marijuana into this country. The marijuana was secreted in the vehicle's rocker panels, under the hood and in the door post. Defendant knew marijuana was located in the vehicle and was paid $500 to drive the car across the border.
 
 
 4
 At sentencing, Defendant argued he was entitled to a downward adjustment for being a minor participant as: (1) the car did not belong to him; (2) he was only 21; and (3) he lacked the necessary skills to properly prepare the vehicle. The court declined to classify Defendant as a minor participant.
 
 
 5
 On appeal, Defendant argues the sentencing court's determination was clearly erroneous in that: (1) he was a lone carrier; (2) he drove another's vehicle; (3) he did not know how much marijuana was in the vehicle; and (4) he did not know where in the car the marijuana was located.
 
 
 6
 Defendant's argument fails to persuade us. This court has repeatedly held that, as a matter of law, a drug courier is not necessarily a minor participant. United States v. McCann, 940 F.2d 1352, 1359 (10th Cir.1991); United States v. Rios-Ramirez, 929 F.2d 563, 565 (10th Cir.1991); United States v. Pelayo-Munoz, 905 F.2d 1429 (10th Cir.1990).
 
 
 7
 It was Defendant's obligation to establish by a preponderance of the evidence that he was a minor participant. Pelayo-Munoz, 905 F.2d at 1230-31. Defendant attempts to meet this burden by arguing he was less culpable than other participants in the scheme to buy/sell drugs. The district court did not view the activity in the large sense but rather in the sense of smuggling approximately twenty pounds of marijuana. Viewed in this light, it is obvious Defendant was not a minor participant. More than sufficient evidence exists to support the sentencing court's finding.
 
 
 8
 Defendant argues the sentencing court misunderstood the law concerning a minor participant. This argument does not merit discussion.
 
 
 9
 The sentence of the District Court is AFFIRMED. The mandate shall issue forthwith.
 
 
 10
 ---------------
 
 
 
 * This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3.