**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

AHMAD SHAYESTEH,

Defendant-Appellant.

Case No. 99-4032

(D.C. 95-CR-106-S)
(District of Utah)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Chief Judge, **BALDOCK** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1

Ahmad Shayesteh was convicted of two counts of possessing a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1)(A) and (C). The first count involved cocaine and the second methamphetamine. Mr. Shayesteh was sentenced to a total term of imprisonment of 262 months, five years' supervised release, and a fine of $10,000.00. Mr. Shayesteh appealed, and on October 6, 1998, this court entered an order and judgment affirming the convictions. See United States v. Shayesteh, No. 97-4111, 1998 WL 694500 (10th Cir. Oct. 6, 1998). We granted Mr. Shayesteh's Petition for Rehearing of that Order and Judgment for the limited purpose of considering Mr. Shayesteh's alleged sentencing errors on the merits. See Rec. vol. I, doc. 93 (Order on Reh'g No. 97-4111, filed Nov. 24, 1998).

Mr. Shayesteh argues that his role was merely that of a drug courier, thereby entitling him to an offense level reduction for his role as a "minor participant" under USSG § 3B1.2. See United States v. Ballard, 16 F.3d 1110, 1114 (10th Cir. 1994). In addition, Mr. Shayesteh contends that the district court erred in its finding of perjury in support of an obstruction of justice enhancement under USSG § 3C1.1. We exercise jurisdiction under 28 U.S.C. § 1291, and, for the reasons set forth below, affirm.

2

## I. "Minor participant" under USSG § 3B1.2

We review the district court's factual findings for clear error, and its exercise of discretion in applying the guidelines to those facts with "due deference." United States v. James, 157 F.3d 1218, 1219 (10th Cir. 1998); see also 18 U.S.C. § 3742(e) (stating "due deference" standard). The district court's exercise of discretion to reduce an offense level is case-specific. See USSG § 3B1.2 cmt. Background. In addition, Mr. Shayesteh has the burden of proving his entitlement to a § 3B1.2 reduction by a preponderance of the evidence. See United States v. Lockhart, 37 F.3d 1451, 1455 (10th Cir. 1994).

A defendant is not entitled to a minor participant reduction by virtue of his apparent paid courier status. See, e.g., United States v. McCann, 940 F.2d 1352, 1359 (10th Cir. 1991). Rather, we look to the defendant's "'culpability, not courier status.'" United States v. Pelayo-Munoz, 905 F.2d 1429, 1431 (10th Cir. 1990) (quoting United States v. Bueniostro, 868 F.2d 135, 138 (5th Cir. 1989)). We consider a sentence reduction appropriate "'where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs.'" United States v. Martinez, 983 F.2d 968, 977 (10th Cir. 1992) (quoting USSG § 3B1.2 cmt. 1). Here, the record indicates that the amount of methamphetamine totaled approximately four and a half to five pounds, and that the cocaine totaled about a pound and a half, neither of which is a negligible

quantity. <u>See</u> Rec. vol. I, doc. 8 (Indictment); vol. VII, ¶ 5 (Presentence report). There is no evidence in the record of the involvement of any other persons apart from Mr. Shayesteh.

The district court reasoned as follows in denying Mr. Shayesteh a minor participant reduction: "[T]he court finds that the amount of drugs found was significant, that [Mr. Shayesteh's] fingerprints were found on the packaging material containing the drugs and that there is nothing in the record to support of finding that anyone else was involved." Rec. vol. I, doc. 97, at 3. The district court properly exercised its discretion in concluding that Mr. Shayesteh did not carry his burden of demonstrating an entitlement to a§ 3B1.2 sentence reduction. <u>See also</u> <u>United States v. Burnett</u>, No. 98-6224, 1999 WL 569055, at **9 (Aug. 4, 1999) (affirming district court reasoning in denying a minor-role reduction where defendant's "fingerprint was found on the tape which packaged one of the bundles of the cocaine").

## II. USSG § 3C1.1 Enhancement

At the time of Mr. Shayesteh's sentencing, § 3C1.1 required a two-point upward adjustment to a defendant's offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense."

4

"Obstruction of justice includes the offering of perjured testimony at trial." United States v. Copus, 110 F.3d 1529, 1536 (10th Cir. 1997). For the purposes of § 3C1.1, "[a] defendant commits perjury . . . if he 'gives false testimony concerning a material matter with the willful intent to provide false testimony.'" United States v. Pretty, 98 F.3d 1213, 1221 (10th Cir. 1996) (quoting United States v. Dunnigan, 507 U.S. 87, 94 (1993)).

"In order to apply the § 3C1.1 enhancement, it is well-settled that a sentencing court must make a specific finding--that is, one which is independent of the jury verdict--that the defendant has perjured h[im]self." United States v. Massey, 48 F.3d 1560, 1573 (10th Cir. 1995). The required finding must encompass "'all of the factual predicates of perjury,'" id. (quoting Dunnigan, 507 U.S. at 95), so that we are able "'to satisfy our appellate responsibility of review in determining whether the record would support findings of falsity, materiality and willful intent.'" United States v. Owens, 70 F.3d 1118, 1132 (10th Cir. 1995) (quoting Massey, 48 F.3d at 1574). However, "[t]he mere fact that a defendant testifies to his or her innocence and is later found guilty by the jury does not automatically warrant a finding of perjury." United States v. Markum, 4 F.3d 891, 897 (10th Cir. 1993). In turn, the district court must "indicate what specific testimony it finds to be untrue and how that testimony concerns a

5

material matter designed to substantially affect the outcome of the case." United States v. Arias-Santos, 39 F.3d 1070, 1077 (10th Cir. 1994).

In applying the enhancement here, the district court outlined the specific instance in which it believed Mr. Shayesteh lied under oath. The court found that the defendant:

> testified that he was given the duffle bags that held the drugs found in the trunk of his car for delivery to Utah, but that he was unaware of what was in the bags. The evidence at trial established that the fingerprints of the defendant were on the packaging of the drugs inside a sock found in one of the duffle bags taken from the trunk of defendant's car. The defendant's testimony is found to be false and that it pertained to the only real issue in the case, that is, defendant's knowledge of the drugs which is established by the presence of his fingerprints. . . . Considering all the testimony regarding this issue, the court finds that defendant's testimony regarding how his fingerprints got on the ziplock bag is not credible and is rejected as being unbelievable.

Rec. vol. I, doc. 97, at 2.

Mr. Shayesteh argues on appeal that the court's findings are inadequate, and that much of the testimony concerning his contact with the plastic bag that contained the drugs was conflicting. Mr. Shayesteh testified that while being interviewed in the jail cell, an officer held up a plastic bag containing Mr. Shayesteh's personal effects, and that Mr. Shayesteh grabbed the bag to examine the contents. He contends that the prints left on this bag were those prints identified on the bag containing the contraband. The testimony of the relevant officers suggests that there was no second plastic bag containing personal effects.

6

We determine that the district court's factual findings adequately set out the reasons why it believed Mr. Shayesteh's testimony was false, and why the falsehood was intentional. The district court's specific finding that Mr. Shayesteh testified falsely is not clearly erroneous. Moreover, it is clear that the falsehood was material, as Mr. Shayesteh's knowledge of the contents of the plastic bag, evidenced by his fingerprints on the plastic bag, was probative of Mr. Shayesteh's involvement and role in the illegal drug trade. Such a finding of perjury is sufficient to support a § 3C1.1 enhancement. See United States v. Anderson, 189 F.3d 1201, 1213 (10th Cir. 1999).

Therefore, the judgment of the district court is AFFIRMED.


Entered for the Court,



Robert H. Henry
Circuit Judge