5 F.3d 548
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Matias NUNEZ-GUTIERREZ, Defendant-Appellant.
 No. 92-2121.
 United States Court of Appeals, Tenth Circuit.
 Aug. 27, 1993.
 
 Before ANDERSON, HOLLOWAY and TACHA, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 HOLLOWAY
 
 1
 Defendant-Appellant Matias Nunez-Gutierrez ("Nunez") appeals the sentence imposed after he pleaded guilty to possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B). We affirm.
 
 
 2
 * Factual and Procedural History
 
 
 3
 Nunez was stopped for entering the United States illegally on October 28, 1991, and was found to be transporting 1,191 pounds (540 kilograms) of marijuana in the trailer he was pulling with his truck. He admitted to the authorities that he knew he was transporting the marijuana to someone, but claimed he did not know how much he actually had in the trailer. He claims that the government promised him that the probation officer would recommend a two-point downward adjustment to Nunez' base offense level for minor participation pursuant to United States Sentencing Guidelines ("U.S.S.G.") 3B1.2(b). Nunez pleaded guilty on February 4, 1992, and objected to the Presentence Report ("PSR") on May 26, 1992, after it failed to recommend the 3B1.2(b) reduction. A sentencing hearing was held on May 27, 1992, and Nunez was sentenced to imprisonment for 63 months. Judgment was entered on June 16, 1992, and this appeal was timely filed on June 26, 1992.
 
 
 4
 Nunez objected to the PSR on the grounds that it was inaccurate or incomplete. He claimed that the government was in possession of information that would demonstrate his minor participant status. Nunez therefore requested an evidentiary hearing, but the court denied the request. At the sentencing hearing, Nunez argued that the information possessed by the government proved his entitlement to the 3B1.2(b) adjustment. Nunez said he was not a "major player;" when added to his claim that he was but a one-time courier of drugs, this entitled him to the reduction.
 
 
 5
 The district court disagreed. The court found that as a courier for a very large (more than one-half ton) shipment of drugs, Nunez was just as important as a top participant. The court went on to note that Nunez had not provided any details of a larger operation for the court to evaluate. Finally, the court examined the evidence and concluded that in any event Nunez would not have been entitled to a 3B1.2(b) reduction. Finding that there were no disputed facts, the court denied the request for an evidentiary hearing. Nunez' counsel objected to the ruling, pointing to her objections to the PSR.
 
 II
 Lack of Evidentiary Hearing
 
 6
 Nunez argues that the district court abused its discretion by denying him an evidentiary hearing to establish his entitlement to the 3B1.2 downward adjustment as a "minor and/or minimal participant." Brief of Appellant at 11. We disagree and hold that it was within the court's discretion to deny an evidentiary hearing under these circumstances.
 
 
 7
 While Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure mandates that the defendant be given an opportunity to comment on the PSR, the court is allowed broad discretion in deciding whether to permit the introduction of testimony or other information. See United States v. Gines, 964 F.2d 972, 977 (10th Cir.1992), cert. denied, 113 S.Ct. 1023 (1993); United States v. Peterman, 841 F.2d 1474, 1484 (10th Cir.1988), cert. denied, 488 U.S. 1004 (1989). The court found that there was no need to have an evidentiary hearing on the arguments of Nunez in his objections to the PSR because, even accepting his arguments as correct, he would still not have been entitled to the 3B1.2 downward adjustment. See III R. at 11-12.
 
 
 8
 We do not believe that the court abused its discretion in so finding and do not feel that the finding that Nunez would not have been entitled to the adjustment, despite his arguments, was clearly erroneous. Section 3B1.2(b) requires a two-point downward adjustment for a defendant who "was a minor participant in any criminal activity." While the Guidelines do not articulate an explicit standard for "minor" participation, the term is defined implicitly in the commentary. Section 3B1.2(a) mandates a four-point adjustment for "minimal" participation, which is defined in the commentary. "Minimal" participants are those "who are plainly among the least culpable of those involved in the conduct of the group." Id., comment. (n.1) (emphasis added). The defendant's lack of knowledge of the "scope and structure of the enterprise and of the activities of others" will be one indicator of minimal participation. Id. A "minor participant" is then described as "one who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. 3B1.2, comment. (n.3). The Guidelines specifically state that these two adjustments "will be used infrequently," and would be appropriate, for example, for a courier in a single smuggling operation involving "a small amount of drugs." Id. (n.2). The burden of proof was on Nunez to show, by a preponderance of the evidence, that he was entitled to a downward adjustment as a minor or minimal participant. See United States v. McCann, 940 F.2d 1352, 1359 (10th Cir.1991).
 
 
 9
 Nunez attempted to meet his burden of proof by showing that he was merely a courier and that on this record, in a way not present in other "mere courier" cases, he was a minor participant. However, even if we accept all of the arguments made by Nunez, the denial of the downward adjustment under 3B1.2(b) was not clearly erroneous. As the Guideline and its application notes make clear, the deciding factor in applying these adjustments is the defendant's culpability. See United States v. Martinez, 983 F.2d 968, 977-78 (10th Cir.1992), cert. denied, 113 S.Ct. 2372, and cert. denied sub nom. Araujo v. United States, 113 S.Ct.1959 (1993). Here Nunez was transporting more than one-half ton of marijuana, and is certainly not entitled to the adjustment on that basis alone.
 
 
 10
 But even if Nunez had not been transporting such an amount of marijuana, we would still find him ineligible for the adjustment because he has utterly failed to make a factual showing that he is less culpable than other participants. He has not even demonstrated that there are any other participants, as the Guideline clearly requires. The mere possibility of the existence of a large drug ring is not enough to carry Nunez' burden of proof on this issue.[2]
 
 
 11
 The district court was correct in holding that even if Nunez' argument about the record were accepted, it would not have sufficed to carry his burden of proof regarding his minor or minimal participant status. The record did not indicate what Nunez' position was, if he had one, in any enterprise. The finding that Nunez' showing and argument did not entitle him to a 3B1.2(b) downward adjustment was not clearly erroneous. It was thus not an abuse of discretion to deny Nunez an evidentiary hearing prior to sentencing.
 
 III
 Compliance With Fed.R.Crim.P. 32
 
 12
 Nunez claims that the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D) because the court did not make findings of fact regarding his allegations of inaccuracies in the PSR or determine that such findings were unnecessary because any claimed inaccuracies were irrelevant to the sentencing process. Nunez thus claims that we must remand the case so that the district court can make the proper findings and resentence him. In its brief, the government stated that the case should be remanded to the trial court for the limited purpose of appending to the PSR specific findings as to the factual accuracy of the materials proffered by defendant. Brief of Appellee at 15.[3] At oral argument, however, the government changed its position and argued that there were no inaccuracies in the PSR and remand was not necessary.
 
 
 13
 Nunez made several objections to the PSR, of which the relevant ones fall into two categories. The first are objections that the PSR improperly failed to recommend a base level reduction for minor and/or minimal participation pursuant to U.S.S.G. 3B1.2(b). See I R. Doc. 25 1/2 1/224, 25, 28, 30, 39. However, those objections are not to facts stated in or omitted from the PSR, but rather to the probation officer's application of the Guidelines to those facts. Rule 32(c)(3)(D) does not apply to such objections. See United States v. Cox, 934 F.2d 1114, 1126-27 (10th Cir.1991); United States v. Hand, 913 F.2d 854, 857 (10th Cir.1990).
 
 
 14
 Nunez' other objections are to the failure of the PSR to detail investigations by the Customs Department. Nunez says the PSR leaves out information which he would have preferred that the court rely on. Rule 32(c)(3)(D) does apply to these factual objections. We believe, however, that the district court has complied with the rule in this respect. The district court considered all the information submitted and stated that
 
 
 15
 You take everything you've got in there, he is not a minimal[4] participant.
 
 
 16
 III R. at 6.
 
 
 17
 The court further found that there were no disputed facts, see id. at 8, and announced that it was "adopting the facts as found by the presentence report." Id. at 11. That was sufficient to resolve the disputed issues. See United States v. Toledo, 985 F.2d 1462 (10th Cir.1993) (slip op. at 21), petition for cert. filed, July 7, 1993.
 
 
 18
 Finally, the court reiterated that, while it was not accepting Nunez' objections to the PSR, he would not be entitled to a 3B1.2 downward adjustment even if the court did accept his position. See id. at 12. We believe that this was sufficient to comply with Rule 32(c)(3)(D). First, as required by Rule 32(c)(3)(D)(ii), the court found that the alleged inaccuracies in the PSR were irrelevant for sentencing purposes by stating that Nunez would still not be entitled to the 3B1.2 adjustment even if his position were accepted. Second, we can and do read the court's adoption of the facts as found by the PSR, III R. at 11, as an implicit finding regarding the "disputed facts," as permitted by Rule 32(c)(3)(D)(i); that finding is in the transcript of the sentencing hearing and is thus part of Nunez' record. We are ordering the transcript of the sentencing hearing to be attached to the PSR. This will effect substantial compliance with the Rule. See United States v. Hershberger, 962 F.2d 1548, 1556 (10th Cir.1992) but see United States v. Anthony, 944 F.2d 780, 783 (10th Cir.1991) (finding violation of Rule where required findings were not made).
 
 
 19
 For reasons we have stated, the sentence imposed is AFFIRMED.
 
 
 20
 While the district court did not append its findings to the PSR as required by Rule 32(c)(3)(D), we need not remand to the district judge for this purpose in these circumstances. We direct that the Clerk of the District Court attach a copy of the transcript of the sentencing hearing to the PSR before it is transmitted to the Bureau of Prisons.[5]
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 In order to carry that burden of proof, a defendant must come forward with some evidence regarding the actual scope or structure of the enterprise to which he claims he belongs. Nunez has not done so. A defendant must come forward with enough evidence to allow the district court to make findings of fact regarding his position in the enterprise and his relative culpability that are not based upon pure speculation. Cf. United States v. Caruth, 930 F.2d 811, 815 (10th Cir.1991) (noting that the Guidelines permit sentencing courts to examine not only a defendant's culpability relative to the other participants in the crime, but also his culpability relative to average participants in the same type of crime); United States v. Rios-Ramirez, 929 F.2d 563, 565-66 (10th Cir.1991) (holding that district court was not bound to accept defendant's suggestion that prior owner had probably placed marijuana in defendant's car and that defendant was a mere courier). Cf. United States v. Arredondo-Santos, 911 F.2d 424, 426 (10th Cir.1990) ("When culpability must be weighed, evidence must exist of other participants and their role[s] in the criminal activity."); United States v. Pelayo-Munoz, 905 F.2d 1429, 1430-31 (10th Cir.1990) (defendant's own claim "that he was merely the underling" did not suffice as proof of minor participant status). Without this information or a clear and credible showing that the defendant simply doesn't know what his place in the scheme was, we fail to see how a district court can be expected to decide what the defendant's relative culpability is
 
 
 [3]
 Rule 32(c)(3)(D) provides that
 [i]f the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the [PSR] ..., the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the [PSR] thereafter made available to the Bureau of Prisons.
 
 
 [4]
 While the district court couched its remarks in terms of the 3B1.2(a) adjustment for "minimal" as opposed to "minor" participation, the clear import of the court's statements was that Nunez had failed to carry his burden of proof on his entitlement to the reduction. The Guidelines, as we noted earlier, require a court to assess the defendant's culpability. The difference in the application of the "minor" versus "minimal" participation reductions is one of how much less culpable the evidence shows the defendant was relative to other participants. See U.S.S.G. 3B1.2, comment. (n.3); 3B1.2, comment. (backg'd.). Here, however, the record does not demonstrate by a preponderance of the evidence any difference in culpability, let alone one sufficient to support a finding of "minor" participation. We can thus affirm the trial court on the record before us despite the court's failure specifically to find 3B1.2(b) inapplicable. See Medina v. City and County of Denver, 960 F.2d 1493, 1495 n.1 (10th Cir.1992)
 
 
 [5]
 See United States v. Musa, 946 F.2d 1297, 1308 (7th Cir.1991); cf. Doganiere v. United States, 914 F.2d 165, 169 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991)